# UNITED STATES DISTRICT COURT
## for
## NORTHERN DISTRICT OF CALIFORNIA
### San Jose Venue

SEALED BY ORDER OF COURT

FILED
NOV 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Amended Petition for Arrest Warrant for Offender Under Supervision**

Name of Offender: Avery John Waller    Docket No.: CR 08-00731 RMW
Name of Sentencing Judge: The Honorable Ronald M. Whyte
United States District Judge

Date of Original Sentence: March 10, 2003

Original Offense:
Count One: Use of Facility of Interstate or Foreign Commerce to Entice a Minor to Engage in Criminal Sexual Act, 18 U.S.C. § 2422(b), a Class C felony

Original Sentence: 46 months custody, 3 years supervised release
Special Conditions: special assessment $100; restitution $1000; fine $10000; drug/alcohol treatment; mental health treatment; sex offender treatment; no employment with organization where minors are employed; computer conditions; not possess any sexually stimulating or sexually oriented material deemed inappropriate by the probation officer; no computer with access to any on-line computer service; no contact with minors; register as a sex offender and cooperate with collection of DNA

On April 14, 2006, the court in the Central District of California modified conditions of supervision allowing periodic unannounced examinations of the offenders computer equipment and installation, at the owners expense, any hardware or software systems to monitor use of such computer, both at the direction of the probation officer.

Prior Form(s) 12: On October 14, 2008, the CD/CA transferred jurisdiction to the ND/CA.

Type of Supervision: Supervised Release    Date Supervision Commenced: January 13, 2006
Assistant U.S. Attorney: Jennifer Anne Corbet    Defense Counsel: Randy Sue Pollack (Retained)

## Petitioning the Court

The issuance of a no bail warrant for the offender's arrest.

I, Jose Martinez, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records

NDC-SUPV-FORM DOCUMENT 06/23/08   CSA's INITIALS

DISTRICT COURT
CRIMINAL CASE PROCESSING

or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated standard condition one which states that the offender failed to follow the instructions of the probation officer. |

> On October 10, 2006, February 28, 2007, May 24, 2007 and June 6, 2008, the offender was instructed not to possess a computer nor have access to the internet.
>
> On September 24, 2008, the offender was arrested by state parole agents, Jerry Gonzalvo and Michael Ruiz for possessing a lap top computer and being on the internet in violation of his parole conditions. Additionally, the offender was observed by U.S. Probation Officer, Janie Zhuang to be in possession of the laptop computer and by U.S. Probation Officer, Noel Belton to be on the internet. Parole agents seized the computer and subsequently searched his vehicle. No other contraband was located.
>
> The offender remains in the custody of state parole.
>
> Evidence of this violation can be found in the agent Gonzalvo's state parole file number V33731 and case file notes dated September 24, 2008.

| Two | There is probable cause to believe that the offender violated special condition number eight which states that the offender shall not possess, or have access to any device which offers internet access without the prior written approval of the probation officer. |
|---|---|

> As noted above in charge one, the offender was denied access to a computer and denied access to the internet. The offender was unable to provide confirmation of verifiable employment which was the reasons for denying computer and internet access. During a group therapy session at Sharper Future, the offender stated that he saw nothing wrong in having sex with minors.
>
> Evidence of this violation can be found in documents kept at the U.S. Probation Office and Sharper Future in San Jose, California.

Three       There is probable cause to believe that the offender violated special condition number nine which states that the offender shall not be employed by, affiliated with, own, control or otherwise participate directly or indirectly in conducting the affairs of any day-care facility, school, or other organization dealing with the care, custody, or control of children under the age of 18 without the prior written consent of the probation officer.

According to California State Medical Board Senior Investigator, Craig Stewart, the offender admitted working as an office manager for Valley Pediatrics, Inc. of Los Gatos, California during an interview on October 28, 2008. The offender was not granted permission to work at this business operated by Dr. Christina Tanguay, the offender's girlfriend nor did he inform the probation officer of this employment.

Evidence of this violation can be found in testimony provided by Senior Investigator, Craig Stewart, of the California Medical Board in San Jose, California.

Based on the foregoing, there is probable cause to believe that Avery John Waller violated the conditions of his supervision. Therefore, I ask the Court to issue a no bail warrant for his arrest.

Respectfully submitted,

Jose Martinez
U.S. Probation Officer Specialist
Date Signed: October 29, 2008

Approved as to form:

Susan Portillo
Supervisory U.S. Probation Officer

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a no bail warrant AND ORDER THAT THIS FORM BE FILED UNDER SEAL, AND NO PUBLIC RECORD OF WARRANT ISSUANCE BE MADE, UNTIL EXECUTED WARRANT IS RETURNED FROM THE U.S. MARSHAL.
☐ Other:

_11/24/09_
Date

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge